UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ARTHUR SHAHUMYAN,                                             :
                                      Petitioner,             :
                                                              :
          -against-                                           :
                                                              :
JOHN DONELLI,                                                 :
Superintendent, Orleans Correctional Facility                 :
                                       Respondent.            :
                                                              :
------------------------------------------------------------- X

FILED
IN CLERKS OFFICE
JAN 19 2006
P.M. _____
05 CV 2821 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION
AND ORDER

ROSS, United States District Judge:

Petitioner Arthur Shahumyan filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 23, 2005. Petitioner claims that the State violated due process in sentencing him following his conviction. Petition, 4. Specifically, petitioner claims that the State violated due process by basing defendant's sentence on charges of which defendant had been acquitted and on "speculation that defendant had committed additional crimes." Id. For the reasons stated below, the court denies the instant petition for a writ of habeas corpus.

## BACKGROUND

Petitioner was charged, under Kings Count Indictment Number 3100/2002, with two counts of murder in the second degree under N.Y. Penal Law § 125.25 [1] and [2]; one count of attempted murder in the second degree under N.Y. Penal Law §§ 110/125.25[1]; one count of attempted assault in the first degree under N.Y. Penal Law §§ 110/120.10[1]; one count of reckless endangerment in the first degree under N.Y. Penal Law § 120.25; two counts of assault

1

in the first degree under N.Y. Penal Law § 120.10[1] and [3]; three counts of assault in the second degree under N.Y. Penal Law § 120.05[1], [2], and [4]; three counts of criminal possession of a weapon in the second degree under N.Y. Penal Law § 265.03[2]; and one count of criminal possession of a weapon in the third degree under N.Y. Penal Law § 265.02[4]. Affidavit in Opposition to Petition for Writ of Habeas Corpus, Shahumyan v. Donelli, Aug. 2, 2005. Following a jury trial before Justice Alan D. Marrus in the Supreme Court of New York for the County of Kings, petitioner was convicted of criminal possession of a weapon in the third degree on October 3, 2002. Trial Transcript, People v. Shaumyan, Ind. No. 3100/02, N.Y. Supreme Court, County of Kings, 909. On October 24, 2002, petitioner was sentenced by Judge Marrus of the New York Supreme Court to a term of imprisonment of seven years followed by three years post-release supervision. Sentencing Transcript, People v. Shaumyan, Ind. No. 3100/02, N.Y. Supreme Court, County of Kings, 8 (Oct. 24, 2002) (hereinafter ST).

Petitioner appealed his conviction to the Appellate Division, Second Department, arguing that (a) the imposition of the maximum sentence for third-degree weapon possession was excessive where the defendant, twenty-two years of age, had no prior criminal record, and the jury acquitted him of all other charges, and (b) the sentence improperly reflected the court's disagreement with the jury's verdict. Brief for Defendant-Appellant, People v. Shahumyan, Sept. 2003. On March 15, 2004, the Appellate Division, Second Department affirmed petitioner's judgment of conviction. People v. Shahumyan, 772 N.Y.S.2d 854 (N.Y. App. Div., 2d Dept. 2004). Citing N.Y. Criminal Procedure Law 470.05[2], the Appellate Division held that petitioner's claim that the sentencing court improperly considered charges of which petitioner was acquitted as a basis for imposing sentence was unpreserved for appellate review, and, in any

event, was without merit. Id. The Appellate Division rejected on the merits petitioner's contention that the sentence imposed was excessive. Id.

On April 12, 2004, petitioner sought leave to appeal to the New York State Court of Appeals on both of the grounds presented to the Appellate Division. The Court of Appeals (J. Graffeo) denied petitioner's application for leave to appeal on May 28, 2004, in a decision without a published opinion. People v. Shahumyan, 2 N.Y.3d 806 (N.Y. 2004).

Petitioner did not apply for review by the United States Supreme Court, nor did he file any state post-conviction motions. On May 23, 2005, well within a year after his conviction was final, petitioner filed the instant petition for writ of habeas corpus with this court.

## DISCUSSION

I. Improper Basis for Sentence

Petitioner claims that he was deprived of due process of law because the sentencing court allegedly based his sentence on "charges of which defendant was acquitted and on speculation that defendant had committed additional crimes." Petition, 4. Specifically, petitioner believes that the judge unlawfully considered "unreliable allegations of uncharged crimes" in sentencing him. Memorandum Supporting Habeas Petition, 2. During the sentencing hearing, the judge stated that petitioner "took up with a group of individuals who were involved in illegal conduct. He was an active participant in that conduct and sought and apparently gained financial benefit from being involved with these individuals. He supplied his name and his identification for a scam to defraud people out of their money." ST, 7. Petitioner alleges that the jury, by acquitting him of all other charged crimes, demonstrated that they did not believe the prosecution's theory

3

that petitioner was a willing participant in the illegal activities of the individuals involved in the shooting. Therefore, petitioner believes that the judge should not have relied upon these "uncharged crimes" in sentencing: "Since the Court's statement cannot reconcile with the jury's verdict (which rejected the Court's premise) it follows that the sentence reflected the Court's inappropriate disagreement with the verdict." Memorandum Supporting Habeas Petition, 2. Additionally, petitioner believes that the judge incorrectly believed that petitioner had refused to be interviewed by the probation officer assigned to prepare a pre-sentence report. Petitioner asserts that he told the probation officer that he wished to have his attorney present during the interview, and then the interviewer forced him to sign a paper that he did not understand, which turned out to be a form saying that he refused to submit to the interview. Id. Petitioner contends that the court, "having considered the improper factors, wantonly, arbitrary [sic] sentenced defendant to the maximum +." Id. at 5.

This court may not review petitioner's claim that the court improperly considered crimes of which he was acquitted and "uncharged crimes" in formulating his sentence, because it is procedurally defaulted, and petitioner has failed to demonstrate either cause for the default and prejudice resulting therefrom or that a fundamental miscarriage of justice would result from the court's refusal to hear the claims.

Federal courts may not review state court decisions that rest on an adequate and independent state procedural default unless petitioner can show both cause and prejudice or a fundamental miscarriage of justice. Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); Harris v. Reed, 489 U.S. 255, 262 (1989)). In order for federal review to be procedurally barred, the state court's reliance on

state law must be "clear from the face of the opinion." Fama, 235 F.3d at 809 (internal quotation marks and citation omitted). The Second Circuit held in Fama that where the state court uses language such as "the defendant's remaining contentions are either unpreserved for appellate review or without merit" the claim is subject to federal review. Id. at 810-11. The court's decision in Fama did not overturn prior rulings, however, that a state court decision constitutes a procedural default where the court stated that a claim was "not preserved for appellate review" before ruling "in any event" on the merits. Id. at 810 n.4.

Petitioner presented the claim that his sentence was based upon improper factors to the Appellate Division, Second Department. Citing New York Criminal Procedure Law § 470.05(2), the Appellate Division ruled that petitioner's "contention that the sentencing court improperly considered charges of which he was acquitted as a basis for imposing sentence is unpreserved for appellate review." People v. Shahumyan, 772 N.Y.S.2d at 854. The court went on to state that this claim "in any event, is without merit." Id. Under Fama, however, the state court's ruling constitutes a clear and unambiguous reliance on the procedural violation as a basis for its decision. See 235 F.3d at 810 n.4. Petitioner failed to raise any objection to the basis for his sentence at the time of his sentencing hearing. As a result, his claim was unpreserved for appellate review.[1]

---

[1] Petitioner argues that his claim regarding the improper bases for sentencing is not procedurally defaulted, because it was (1) "an unauthorized sentence," and (2) a "'fundamental' defect and a mode of proceedings error," neither of which require preservation. Petitioner's Traverse, Sept. 6, 2005 (citing "Defendant's Criminal Leave Application," which this court believes is the letter written by defense counsel Steven Bernhard seeking leave to appeal petitioner's conviction to the N.Y. Court of Appeals, dated April 12, 2004.).

Petitioner's claim that this "unauthorized sentence" falls within a narrow exception to the preservation rule is without merit. New York does recognize a narrow exception to the preservation rule for "unlawful sentences." See, e.g., People v Fuller, 57 NY2d 152, 156 (1982)

The procedural bar doctrine precludes habeas review only when the state procedural ground is firmly established and regularly followed by the state courts. See James v. Kentucky, 466 U.S. at 348-49. As the Second Circuit has recognized, New York's contemporaneous

---

(appeal allowed despite failure to preserve where sentence was "unlawful" due to trial court's impermissible delegation of judicial authority to probation department); People v. Laureano, 87 N.Y.2d 640, 642-643 (1996) (appeal allowed despite guilty plea and waiver of right to appeal where court unlawfully imposed a consecutive sentence); People v Letterlough, 86 N.Y.2d 259 (1995) (appeal allowed despite failure to preserve where court usurped legislative authority and created a new "penalty out of whole cloth"). However, petitioner's sentence does not fall within this exception to the preservation rule because his sentence was not unlawful. As demonstrated in Section II, infra, the sentencing court acted within its authority by imposing a sentence which, though longer that petitioner wishes, was within the statutory guidelines.

Petitioner's claim that his sentencing involved a "fundamental defect and mode of proceedings error not requiring preservation" is also meritless. The N.Y. Court of Appeals described procedural defects not requiring preservation as "those where 'the court had no jurisdiction, or... the constitutional method of trial by jury was disregarded... [or there was] some other defect in the proceedings, which could not be waived or cured and is fundamental.'" People v. Keizer, 100 N.Y.2d 114, 122 (2003) (quoting People v Bradner, 107 N.Y. 1, 4 (1887)). Presumably, petitioner believes that his right to trial by jury was disregarded when the judge allegedly considered crimes of which petitioner was acquitted in formulating his sentence.

First, it is important to note here that petitioner was not actually acquitted of the crimes cited by the sentencing judge. The jury may have believed that petitioner shot his gun in self defense and that the defendant was involved in fraudulent activities. However, even if petitioner had been acquitted of these crimes, his due process rights would not have been violated by the sentencing judge's consideration of the alleged fraudulent activity. It is well established that judges have the authority to exercise broad discretion in imposing a sentence within a statutory range. See, e.g., U.S. v. Booker, 543 U.S. 220 (U.S. 2005); Williams v. New York, 337 U.S. 241, 246 (1949) (noting that "due process does not require that the sentencing process be garnered by the same evidentiary rules as those governing the trial process.") In sentencing, judges may consider evidence of uncharged crimes, counts dismissed from an indictment, and even criminal actions that resulted in an acquittal. See, e.g., U.S. v. Streich, 987 F.2d 104, 107 (2d Cir. 1993) (quoting U.S. v. Romano, 825 F.2d 725, 728 (2d Cir. 1987)).

The U.S. Supreme Court recently held that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. 220 (emphasis added). Because petitioner was sentenced within the statutory range for criminal possession of a weapon in the third degree, his due process rights were not violated by the sentencing courts' consideration of either uncharged crimes or crimes of which petitioner was "acquitted."

6

objection rule is firmly established and regularly followed by state courts. See Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999). New York's contemporaneous objection rule requires that an objection be lodged "at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y. Crim. Proc. Law § 470.05(2). The objection is considered "sufficient if the party made his position with respect to the ruling or instruction known to the court." Id.

The New York courts have consistently held that, in order to preserve challenges to a sentence, defense counsel is required to object at the time sentence is imposed. See, e.g., People v. Hurley, 75 N.Y.2d 887, 888 (1990) (claim unpreserved for review because neither defendant nor his attorney objected to the sentence at the time the sentence was imposed); People v. Ruz, 70 N.Y.2d 942, 943 (1988) ("By not bringing this [sentencing challenge] to the attention of the court at the time of sentence, defendant failed to preserve it for our review."); People v. Ingram, 67 N.Y.2d 897, 899 (1986) (where "defendant failed to challenge his sentence before the trial court," sentencing claim "is not properly before us"); People v. Lemon, 62 N.Y.2d 745, 746 (1984) (defendant failed to raise sentencing claim "at the time of sentence, or by way of a motion for resentence, and thus no error of law has been preserved for our review."); People v. Wilson, 735 N.Y.S.2d 463, 464 (N.Y. App. Div., 4th Dep't 2001) ("By failing... to object to the sentence... defendant failed to preserve for our review her present contention"), appeal denied, 98 N.Y.2d 656 (2002). In this case, the Appellate Division, relying on New York Crim. Proc. Law § 470.05(2), held that defendant had similarly failed to preserve for appellate review his claim about the allegedly inadequate bases for sentencing. People v. Shahumyan, 772 N.Y.S.2d at 854.

Where a state court rules against a petitioner on procedural grounds, the petitioner faces a

"procedural default" precluding federal habeas review. A procedural default may be excused by a federal court, however, if the petitioner demonstrates either (1) cause for the default and actual prejudice from the alleged violation of federal law, or (2) that the failure to consider the claims will "result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. In this case, petitioner has neither demonstrated cause for the procedural default and prejudice nor alleged that he is "actually innocent."

A petitioner establishes cause for a default when he shows that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner has failed to make any showing of cause for this procedural default.[2] Moreover, petitioner has not established prejudice, which is also required to excuse procedural default. "To satisfy the prejudice prong, petitioner must show not merely a possibility of prejudice, but that the alleged error worked to his actual and substantial disadvantage." Cappiello, 698 F. Supp. at 1052. Here, petitioner is unable to show even a possibility of prejudice since he was sentenced within the statutory range for criminal possession of a weapon in the third degree. As detailed above in footnote 1, judges may exercise broad discretion in imposing a sentence within a statutory range. See, e.g., Booker, 543 U.S. 220. The Second Circuit has concluded that it is appropriate for judges to consider the specific factors that

---

[2] A claim of ineffective assistance of counsel may establish cause for a procedural default. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 451 (2000); McCleskey v. Zant, 499 U.S. 467, 494 (1991). To claim that attorney error excuses a procedural default, a habeas petitioner must either have properly presented and exhausted an ineffective assistance of counsel claim in the state courts or, if the ineffective assistance of counsel claim is itself procedurally barred, separately show that there is "cause" excusing said procedural default as well as prejudice resulting from the error. See Edwards, 529 U.S. at 453. In this case, petitioner did not raise any claims of ineffective assistance of counsel in the state courts or in his habeas petition. Therefore, this procedural default cannot be excused due to ineffective assistance of counsel.

petitioner alleges are improper bases for sentencing – other uncharged crimes and crimes of which petitioner was allegedly acquitted – in sentencing, so long as the resulting sentence falls within the statutory range. See, e.g., Booker, 543 U.S. 220; Streich, 987 F.2d at 107.

Second, petitioner has not argued that failure to hear his claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 752. The Supreme Court has stated that a miscarriage of justice occurs in an "extraordinary" case as where a constitutional violation has "probably resulted in the conviction of one who is actually innocent." Schlup, 513 U.S. at 322-24. Petitioner has not presented any new evidence; "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. at 559 (citing Schlup, 513 U.S. at 324)). Nor has the petitioner demonstrated a miscarriage of justice by pointing to errors that call into question the validity of the trial itself, such as violation of the right against double jeopardy. See Washington v. James, 996 F.2d at 1450.

Since petitioner can show neither cause for the procedural default and resulting prejudice, nor that a miscarriage of justice would result from the failure to consider the defaulted issue, the claim is procedurally barred and cannot be reviewed. Accordingly, petitioner's claim that there was insufficient evidence at trial to support his conviction shall be dismissed without reaching the merits. See Grey v. Hoke, 933 F.2d at 121.

II.  Excessive Sentence

Although petitioner does not explicitly raise a separate claim that his sentence was excessive in his habeas petition, he "realleges and incorporates by reference his argument(s) in

Brief for Defendant on direct appeal and Application for Leave to Appeal as is fully stated therein." Memorandum Supporting Habeas Petition, 7. Therefore, this petition will be construed to contain the claim that the sentence imposed upon petitioner – seven years incarceration and three years supervised release – is excessive. However, petitioner's excessive sentence claim is not cognizable on federal habeas review. "No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

Criminal possession of a weapon in the third degree is a class D felony. N.Y. CLS Penal § 265.02. Specifically, petitioner was convicted of possession of a loaded firearm, which constitutes a class D violent felony. N.Y. CLS Penal § 70.02[1](c). Given that petitioner was sentenced as a violent felony offender pursuant to section 70.02, the court was required to impose the appropriate determinate sentence of imprisonment under section 70.02 and a period of post-release supervision under section 70.45. N.Y. CLS Penal § 70.00[6]. Class D violent felonies have a statutory sentence of at least two years but no more than seven years imprisonment. N.Y. CLS Penal § 70.02[3](c). The statutorily mandated period of post-release supervision for class D violent felonies is at least one and one-half years but no more than three years. N.Y. CLS Penal § 70.45[2](e).

The court imposed a sentence of seven years imprisonment followed by three years post-release supervision. ST, 8. This sentence – which was the maximum sentence available – was within the state statutory range for the offense of which petitioner was convicted. Therefore, petitioner is not entitled to habeas relief on the basis that his sentence is excessive.

## CONCLUSION

For the foregoing reasons, the court denies the instant petition for a writ of habeas corpus. No certificate of appealability is granted with respect to any of the petitioner's claims, since the petitioner failed to make a substantial showing of any denial of his constitutional rights. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: January 10, 2006
Brooklyn, New York

## Service List:

### Petitioner
Arthur Shahumyan, pro se
#02A5969
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, NY 14411-9199

### Respondent's Attorney
Tziyonah Miriam Langsam
Office of the District Attorney
Kings County
350 Jay Street
Brooklyn, NY 11201